EMPLOYEE SEPARATING FROM STATE AGENCY — SALARY PAYMENT PROVISIONS It is the opinion of the Attorney General that the master-servant relationship ends when a classified employee separates from the state agency. Payment for unused vacation leave to his credit at the time of separation should be paid at the rate officially prescribed for his job classification on the last day he is entitled to be compensated in salary. The Attorney General has had under consideration your letter wherein you ask: "When a classified employee leaves the employ of a state agency, does the master-servant relationship end at the last moment he is actually on duty, or the last moment he is on the agency's payroll for purposes of payment for unused accrued annual leave? "If the answer to the above question is the first alternative (last moment on duty), I pose the following additional question: Is such payment for unused accrued annual leave at the rate officially prescribed for the employee's job classification his last day on duty, and if not, how should the rate be determined? "Finally, if your answer is the latter choice (at the end of the pay period the employee is carried on the payroll for payment of unused accrued annual leave), I pose this question: Does the employee so being paid earn annual leave and such leave, receive payment for holidays granted to state employees by executive proclamation, receive salary adjustments (ordered by statute or the State Personnel Board), become eligible for merit salary increases, accrue tenure for reinstatement purposes, etc.; and is he under certain restrictions such as those concerning prohibited political activities by classified state employees, and any agency policies as may be provided in the Merit System Rules, e.g., restricted outside employment (all as applicable to a given situation)?" Title 74 O.S. 703 [74-703](17) (1961), states: "'Vacation Leave' means a period of time off duty with pay granted to the employee to improve his morale, to maintain his health, and to prepare him for more effective work. " (Emphasis added) Title 74 O.S. 708 [74-708] (1961), provides in part: "(a) Each vacation leave plan shall provide for employees to earn vacation leave at the rate of one and one-fourth (1-1/4) days for each calendar month of service and shall allow them to accumulate such leave up to a maximum of fifteen (15) days. "(c) An employee separating from a State Agency shall be paid for any unused vacation leave to his credit at the time of separation." (Emphasis added) Since the definition of "vacation leave," supra, implies that a vacationing employee will return to his duties and perform the same more effectively, we feel that the status of such an employee is different from one who expresses an intention to separate from the State while having unused vacation leave to his credit. Such an employee severs his employment relationship with the State at the end of the day of separation although the employee is thereafter entitled to be credited for any unused vacation leave earned up to and through the date of separation. Since the employee would have been entitled to take vacation leave up to and through the date of separation with pay at the rate to which he was entitled the last day prior to starting such vacation, when he separates with unused vacation leave to his credit, it should be paid to him at the rate officially prescribed for his job classification on the last day he is entitled to be compensated in salary. Therefore, it is the opinion of the Attorney General that the master-servant relationship ends when a classified employee separates from the State Agency. Payment for unused vacation leave to his credit at the time of separation should be paid at the rate officially prescribed for his job classification on the last day he is entitled to be compensated in salary. Since the above answers your basic inquiry and its first alternative, an answer to the second alternative is unnecessary. Opinion No. 67-346 is overruled to the extent that it is in conflict with this opinion. (William M. Bonnell) ** SEE: OPINION NO. 76-134 (1976) **